UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

**CV 12 2671**

VITALIANO, J.
POLLAK, M.J

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,

                Plaintiff,

-against-

I.A.M.A., a Minor and JOSE ALLEN,

                Defendants.
-----------------------------------------------------------------X

Civil Action No.:

**INTERPLEADER COMPLAINT**

SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 29 2012 ★
BROOKLYN OFFICE

Plaintiff, THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA ("Guardian"), a life insurance company whose principal place of business is located at 7 Hanover Square, New York, New York 10004, by way of Complaint in Interpleader, alleges:

### THE PARTIES

1. Guardian is a mutual life insurance company organized and existing under the laws of the State of New York with its principal place of business at 7 Hanover Square, New York, New York 10004. Guardian is a citizen of the State of New York.

2. Upon information and belief, Peggy Ann Allen ("Decedent"), prior to and at her death, was a resident and citizen of the State of New York, residing in Queens County, New York.

3. Upon information and belief, defendant, I.A.M.A., a minor, is a citizen and resident of Trinidad, West Indies.

4. Upon information and belief, defendant, Jose Allen ("Allen"), is a citizen of the State of New York, residing in Queens County, New York.

## JURISDICTION AND VENUE

5. This is an action for interpleader pursuant to Federal Rule of Civil Procedure 22. This Court has jurisdiction over the subject matter of this interpleader action under 28 U.S.C. § 1335 because there is diversity of citizenship between two or more adverse claimants, and because Guardian has in its custody an amount in excess of $500.00, which represents the proceeds of a life insurance policy which insured the life of the Decedent.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1397 since defendant Allen resides in this judicial district.

## FACTS SUPPORTING INTERPLEADER

7. Decedent was insured under Yearly Renewable Term Life Insurance Policy No. 5390249 issued by Guardian (the "Policy"). The Death Proceeds of the Policy as of the date of Decedent's death on February 9, 2012 was $500,000.

8. At the time the Policy was issued on March 2, 2007, Jose Allen, Husband, was designated as the primary beneficiary of the Policy.

9. On or about January 30, 2008, Decedent changed the beneficiary of the Policy to I.A.M.A., Daughter.

10. At the time of Decedent's death, I.A.M.A. was designated as the primary beneficiary of the Policy.

11. Allen submitted a Claimant's Statement to Guardian dated March 28, 2012 by which he made claim to the Death Proceeds of the Policy.

12. Defendants are claiming or may claim to be entitled to all or a portion of the Death Proceeds payable under the Policy.

13. Guardian claims no title to, or interest in, the Death Proceeds payable under the Policy, and is ready and willing to pay the Death Proceeds of the Policy to the person or persons entitled to them, but Guardian is unable to make that determination without exposing itself to double or multiple liability on account of the claims made or which may be made by the defendants.

14. Guardian is ready, willing, and hereby offers to deposit the Death Proceeds of the Policy, together with accrued interest, if any, into the Court, or with a person duly authorized by the Court to receive them.

**WHEREFORE**, Guardian requests that the Court enter judgment:

A. Directing Guardian to pay the Death Proceeds of the Policy, together with accrued interest, if any, into this Court;

B. Directing defendants to interplead their rights to such sum;

C. Restraining defendants, and each of them, from instituting any action against Guardian to recover such sum;

D. Discharging Guardian from all liability to defendants arising out of the matters herein set forth upon payment of the Death Proceeds of the Policy, with accrued interest, if any, into this Court;

E. Awarding Guardian its costs, disbursements and attorney's fees;

F. For such other and further relief as this Court deems proper.

Dated: Uniondale, New York
       May 25, 2012

RIVKIN RADLER LLP
Attorneys for Plaintiff
THE GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA
926 RXR Plaza
Uniondale, New York 11556-0926
516-357-3000

By: *Norman Tolle*
    _____
    Norman L. Tolle (NT – 5081)

2613755 v1